MARY BURLING, RESPONDENT, *v.* LUKE FREEMAN AND OTHERS, APPELLANTS.

*County Court — jurisdiction of — when objection to, must be taken.*

After an action has been tried in a County Court, a verdict rendered, and judgment entered thereon, a defendant cannot move to set aside the judgment on the ground that it is not alleged in the complaint that the defendants were residents of the county in which the action was brought.

APPEAL from an order denying a motion to vacate a judgment entered in the County Court of Kings county, on the ground that the complaint did not allege that all the defendants resided in said county.

*Anthony Barrett,* for the appellants.

*T. O'Connor,* for the respondent.

BARNARD, P. J.:

The plaintiff commenced her action in the Kings County Court, against the defendants, to recover the possession of certain personal property, alleged to have been taken by the defendants from her possession. The defendants answered, and made some issues with

the plaintiff, but made no objection then that they were not residents of Kings county. The complaint was silent as to their residence. The case was tried by a jury, and the plaintiff received a verdict for her property, with costs. The plaintiff entered up judgment, and the defendants made this motion to the County Court, to set aside the judgment, because it must appear by the record that the defendants are residents in the county of Kings. We think it was properly denied. The County Court has, by the new judiciary article to the Constitution, jurisdiction in all cases where the defendants reside in the county, and the damages do not exceed $1,000. The defendants admitted the jurisdiction as to the persons of the defendants, by taking no objection by demurrer or answer, and by trying the case as if residents. Doubtless they were all residents of Kings county. One is averred to be a constable of the city of Brooklyn. It is too late, after trying the issue on the merits, without any objection to the jurisdiction of the court, to take the objection for the first time after judgment. Order affirmed, with ten dollars costs.

Present — Barnard, P. J., Tappen and Talcott, JJ.

Order affirmed, with ten dollars costs.